# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 0805035299
)
MONIR GEORGE, )
)
Defendant. )

## ORDER

Date Submitted:    July 10, 2020
Date Decided:    August 31, 2020

Upon consideration of Defendant's Third Motion for Postconviction Relief, the Commissioner's Report and Recommendations, Defendant's Appeal From Commissioner's Findings of Fact and Recommendations, and the record in this case,

**IT APPEARS THAT**:

1.    On October 27, 2009, following a bench trial, the Court found Defendant Guilty But Mentally Ill on the following charges: Murder First Degree, Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony (three counts), and Reckless Endangering.[1]  Defendant's conviction was affirmed on appeal.[2]

---

[1] D.I. 92.
[2] D.I. 119.

2. On October 7, 2011, Defendant filed his first Motion for Postconviction Relief, asserting claims of ineffective assistance of counsel (the "First Motion").[3] The Superior Court denied the First Motion but on appeal, the Supreme Court remanded the matter.[4] The Court appointed counsel to represent Defendant on the motion, additional briefing ensued, and the Superior Court again denied the First Motion.[5] That decision was affirmed on appeal.[6]

3. On July 5, 2018, Defendant filed his second Motion for Postconviction Relief (the "Second Motion").[7] In the Second Motion, Defendant argued "newly discovered evidence" relating to the State's ballistic expert.[8] The Court denied the Second Motion, which was later affirmed on appeal.[9]

4. On March 20, 2020, Defendant filed his Third Motion for Postconviction Relief (the "Third Motion"), along with a Motion for Appointment of Counsel, a Motion for Evidentiary Hearing, and a Memorandum of Law.[10] Similar to Defendant's Second Motion, Defendant again argues "newly discovered evidence" justifies vacation of his conviction and a new trial.

---

[3] D.I. 121.
[4] D.I. 129, 143.
[5] D.I. 158.
[6] D.I. 169.
[7] D.I. 170.
[8] *Id.*
[9] D.I. 178, 183, 189.
[10] D.I. 190, 191, 192, 195.

5.     These Motions were referred to a Superior Court Commissioner pursuant to 19 *Del. C.* § 512(b) and Superior Court Criminal Procedure Rule 62.  On May 11, 2020, the Commissioner issued her Report and Recommendations as to Defendant's Motions.[11]  The Commissioner recommends that Defendant's Third Motion for Postconviction Relief be summarily dismissed, Defendant's Motion for Appointment of Counsel be denied, and Defendant's Motion for an Evidentiary Hearing be denied.[12]

6.     The Commissioner determined that the Third Motion is procedurally barred because it was filed more than one year from the date of the Supreme Court's Mandate on direct appeal.[13]  In addition, the Commissioner determined that the Third Motion did not present any new evidence and Defendant failed to meet the pleading requirements of demonstrating that his "newly discovered evidence" exculpates him of the acts giving rise to his convictions.[14]

7.     On July 10, 2020, Defendant appealed the Commissioner's Report and Recommendations, reasserting that the "newly discovered evidence" of the alleged prosecutorial misconduct warrants the Court to grant him a new trial.[15]

---

[11] D.I. 196.
[12] *Id.*
[13] *Id.* at 4.
[14] *Id.* at 5–6.  *See* Super. Ct. Crim. R. 61(d)(2) (Defendant must plead with particularity that the new evidence establishes a strong inference that he is actually innocent in fact of the acts leading to the conviction).
[15] D.I. 199.

8. Pursuant to Rule 62, the Court "shall make a *de novo* review determination of those portions of the report or specified findings or recommendations to which an objection is made."[16]

9. In considering Defendant's appeal, the Court finds that Defendant's appeal does not raise additional arguments, but instead reiterates arguments made in his Third Motion, which the Commissioner already considered and rejected.

10. The Court the finds the Commissioner is correct that Defendant's Third Motion is procedurally barred pursuant to Rule 62(m)(2) and (i)(1). Further, the Court agrees with the Commissioner's determination that Defendant's arguments do not meet any exceptions to these procedural bars, and therefore, his Third Motion should be summarily dismissed as repetitive.

**NOW, THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendations, **IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendations are adopted by the Court and Defendant's Third Motion for Postconviction Relief is **SUMMARILY DISMISSED,** Defendant's Motion for Appointment of Counsel is **DENIED**, and Defendant's Motion for an Evidentiary Hearing is **DENIED**.

---

[16] Super. Ct. Crim. R. 62(a)(5)(iv).

**IT IS SO ORDERED.**

*Jan R. Jurden*
_____
Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Monir George (SBI# 00618980)
       Gregory Smith, DAG